# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

## CASE NO: 8:23-cv-00265-SDM-AEP

AMERICAN CITY BUSINESS
JOURNALS, INC.,

      Plaintiff,

v.

THAT'S GREAT NEWS, LLC, and
ROBERT R. ROSCOE,

      Defendants.

## <ins>DEFENDANTS' ANSWER  AND AFFIRMATIVE DEFENSES</ins>
### (DEMAND FOR A JURY TRIAL)

Defendants, THAT'S GREAT NEWS, LLC ("TGN"), a limited liability company, and ROBERT R. ROSCOE ("Roscoe"), an individual (collectively, "Defendants") by and through undersigned Counsel, and pursuant to the Federal Rules of Civil Procedure 12, hereby file this Answer and Affirmative Defenses to the Complaint (ECF 1) filed by Plaintiff, AMERICAN CITY BUSINESS JOURNALS, INC. ("Plaintiff" OR "ACBJ), and, in support, states as follows:

## I.   THE PARTIES[1]

1.   Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

2.   Denied, with strict proof demanded thereof.

3.   Admitted for jurisdictional purposes only. Denied in all other respects, with strict proof demanded thereof.

4.   Admitted for jurisdictional purposes only. Denied in all other respects, with strict proof demanded thereof.

## II.   NATURE OF ACTION

5.   Admitted that the referenced claims are the causes of action alleged, but denied in all other respects, with strict proof demanded.

## III.   JURISDICTION AND VENUE

6.   Admitted for jurisdictional purposes only. Denied in all other respects, with strict proof demanded thereof.

7.   Admitted for jurisdictional purposes only. Denied in all other respects, with strict proof demanded thereof.

8.   Admitted for jurisdictional purposes only. Denied in all other respects,

---

[1] Defendants utilize the headings provided in the Complaint for reference and organization only. Defendants use is not to be deemed an admission or waiver of any defenses.

**The Concept Law Group, P.A.**                 6400 N. Andrews Ave., Suite 500
Patents | Copyrights | Trademarks                 Fort Lauderdale, Florida 33309

P a g e | **2**

with strict proof demanded thereof.

9.     Admitted for jurisdictional purposes only. Denied in all other respects, with strict proof demanded thereof.

10.     Admitted for jurisdictional purposes only. Denied in all other respects, with strict proof demanded thereof.

11.     Admitted for jurisdictional purposes only. Denied in all other respects, with strict proof demanded thereof.

12.     Admitted for jurisdictional purposes only. Denied in all other respects, with strict proof demanded thereof.

13.     Denied, with strict proof demanded thereof.

14.     Denied, with strict proof demanded thereof.

## IV.   FACTS[2]

**A.     ACBJ'S publications and Associated Intellectual Property Rights**

5.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

6.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its

---

[2] The Complaint is misnumbered, with paragraph 5 being repeated and restarted after prior paragraph 14. Defendants are keeping the improper numbering for ease of cross reference and organizational purposes.

**The Concept Law Group, P.A.**          6400 N. Andrews Ave., Suite 500
Patents | Copyrights | Trademarks          Fort Lauderdale, Florida 33309

P a g e | **3**

entirety and demand strict proof thereof.

7.      Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

8.      Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

9.      Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

10.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

11.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

12.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

13.     Defendants are without sufficient personal knowledge to admit or deny

all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

14. Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

15. Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

16. Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

17. Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

18. Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

19. Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

20.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof. Furthermore, to the extent this paragraph quotes excerpts from a document attached as an exhibit, Defendants state that the document speaks for itself and must be read in context with all other non-excerpted portions of such document and, therefore, this paragraph is denied for this additional reason, with strict proof demanded thereof.

21.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof. Furthermore, to the extent this paragraph quotes excerpts from a document attached as an exhibit, Defendants state that the document speaks for itself and must be read in context with all other non-excerpted portions of such document and, therefore, this paragraph is denied for this additional reason, with strict proof demanded thereof.

22.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof. Furthermore, to the extent this paragraph quotes excerpts from a document attached as an exhibit, Defendants state that the document speaks for itself and must be read in context with all other non-excerpted portions of such document and, therefore, this paragraph is denied for this additional

The Concept Law Group, P.A.                          6400 N. Andrews Ave., Suite 500
Patents | Copyrights | Trademarks                    Fort Lauderdale, Florida 33309

P a g e | 6

reason, with strict proof demanded thereof.

23.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof. Furthermore, to the extent this paragraph quotes excerpts from a document attached as an exhibit, Defendants state that the document speaks for itself and must be read in context with all other non-excerpted portions of such document and, therefore, this paragraph is denied for this additional reason, with strict proof demanded thereof.

24.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof. Furthermore, to the extent this paragraph quotes excerpts from a document attached as an exhibit, Defendants state that the document speaks for itself and must be read in context with all other non-excerpted portions of such document and, therefore, this paragraph is denied for this additional reason, with strict proof demanded thereof.

25.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

26.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its

entirety and demand strict proof thereof.

27.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

28.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

29.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

30.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

31.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

32.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demands strict proof thereof.

33.     Defendants are without sufficient personal knowledge to admit or deny

all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

34. Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

35. Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

36. Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

37. Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

38. Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

39. Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

40.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

41.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demand strict proof thereof.

**B.     Defendants' (Alleged) Wanton, Knowing, and Intentional Unlawful Actions**

### 1. Defendants' Business Practices

42.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

43.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

44.     Admitted.

45.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

46.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

47.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

**The Concept Law Group, P.A.**                6400 N. Andrews Ave., Suite 500
Patents | Copyrights | Trademarks                Fort Lauderdale, Florida 33309

P a g e | **10**

## 2. The Prior Litigation and Settlement Agreement

48.    Admitted.

49.    Admitted as to the list of the causes of action, but Denied in all other respects, with strict proof demanded thereof.

50.    Admitted.

51.    Admitted only to the extent that the stated terms of the document are repeated in the Complaint, but Denied in all other respects, with strict proof demanded thereof. Furthermore, to the extent this paragraph quotes excerpts from a document attached as an exhibit, Defendants state that the document speaks for itself and must be read in context with all other non-excerpted portions of such document and, therefore, this paragraph is denied for this additional reason, with strict proof demanded thereof.

52.    Admitted only to the extent that the stated terms of the document are repeated in the Complaint, but Denied in all other respects, with strict proof demanded thereof. Furthermore, to the extent this paragraph quotes excerpts from a document attached as an exhibit, Defendants state that the document speaks for itself and must be read in context with all other non-excerpted portions of such document and, therefore, this paragraph is denied for this additional reason, with strict proof demanded thereof.

53.    Admitted.

### 3. Defendants' Continuing and Willful Infringing Conduct

54.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

55.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

56.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

57.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

58.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

59.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

60.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demands strict proof thereof.

61.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demands strict proof thereof.

62.     Defendants are without sufficient personal knowledge to admit or deny

all of the allegations contained within this paragraph and, as such, deny it in its entirety and demands strict proof thereof.

63.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demands strict proof thereof.

64.     Denied, with strict proof demanded thereof.

65.     Denied, with strict proof demanded thereof.

**4. Defendants' (Allegedly) Continued and Willful Infringement of ACBJ's Copyrights and ACBJ Marks**

66.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

67.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

68.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

69.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

70.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

71.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

72.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

73.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

74.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

75.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

76.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

77.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

78.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

79.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

80.     Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demands strict proof thereof.

81.     Defendants deny the allegations of the paragraph and demand strict

proof thereof.

82.   Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demands strict proof thereof.

83.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

84.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

85.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

86.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

87.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

88.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

**5.  (Alleged) Harm to ACBJ**

89.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

90.   Defendants deny the allegations of the paragraph and demand strict

proof thereof.

91.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

92.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

93.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

94.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

95.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

96.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

97.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

98.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

99.     Defendants deny the allegations of the paragraph and demand strict proof thereof.

100.   Defendants deny the allegations of the paragraph and demand strict

proof thereof.

101. Defendants deny the allegations of the paragraph and demand strict proof thereof.

102. Defendants deny the allegations of the paragraph and demand strict proof thereof.

103. Defendants deny the allegations of the paragraph and demand strict proof thereof.

104. Defendants deny the allegations of the paragraph and demand strict proof thereof.

105. Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demands strict proof thereof.

106. Defendants deny the allegations of the paragraph and demand strict proof thereof.

107. Defendants deny the allegations of the paragraph and demand strict proof thereof.

108. Defendants deny the allegations of the paragraph and demand strict proof thereof.

109. Defendants deny the allegations of the paragraph and demand strict proof thereof.

110. Defendants deny the allegations of the paragraph and demand strict proof thereof.

111. Defendants deny the allegations of the paragraph and demand strict proof thereof.

112. Defendants deny the allegations of the paragraph and demand strict proof thereof.

113. Defendants deny the allegations of the paragraph and demand strict proof thereof.

114. Defendants deny the allegations of the paragraph and demand strict proof thereof.

115. Defendants deny the allegations of the paragraph and demand strict proof thereof.

116. Defendants deny the allegations of the paragraph and demand strict proof thereof.

117. Defendants deny the allegations of the paragraph and demand strict proof thereof.

## CAUSES OF ACTION

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## UNDER LANHAM ACT § 32(1)

118.   Defendants reallege and incorporate herein by references the responses to allegations in paragraphs 1 - 117 of this Answer as if fully set forth herein, with the further reservation regarding the misnumbering of the Complaint.

119.   Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demands strict proof thereof.

120.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

121.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

122.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

123.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

124.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

125.   Defendants deny the allegations of the paragraph and demand strict

**The Concept Law Group, P.A.**
Patents | Copyrights | Trademarks
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Florida 33309

P a g e | **19**

proof thereof.

126.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## UNDER LANHAM ACT § 43(a)

127.   Defendants reallege and incorporate herein by references the responses to allegations in paragraphs 1 - 117 of this Answer as if fully set forth herein, with the further reservation regarding the misnumbering of the Complaint.

128.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

129.   Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demands strict proof thereof.

130.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

131.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

132.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

133.   Defendants deny the allegations of the paragraph and demand strict

proof thereof.

134.    Defendants deny the allegations of the paragraph and demand strict proof thereof.

135.    Defendants deny the allegations of the paragraph and demand strict proof thereof.

136.    Defendants deny the allegations of the paragraph and demand strict proof thereof.

## COUNT III
## FALSE ASSOCIATION AND FALSE DESIGNATION OF ORIGIN
## UNDER LANHAM ACT § 43(a)

137.    Defendants reallege and incorporate herein by references the responses to allegations in paragraphs 1 - 117 of this Answer as if fully set forth herein, with the further reservation regarding the misnumbering of the Complaint.

138.    Defendants deny the allegations of the paragraph and demand strict proof thereof.

139.    Defendants deny the allegations of the paragraph and demand strict proof thereof.

140.    Defendants deny the allegations of the paragraph and demand strict proof thereof.

141.    Defendants deny the allegations of the paragraph and demand strict proof thereof.

**The Concept Law Group, P.A.**                    6400 N. Andrews Ave., Suite 500
Patents | Copyrights | Trademarks                    Fort Lauderdale, Florida 33309

P a g e | **21**

142. Defendants deny the allegations of the paragraph and demand strict proof thereof.

143. Defendants deny the allegations of the paragraph and demand strict proof thereof.

144. Defendants deny the allegations of the paragraph and demand strict proof thereof.

145. Defendants deny the allegations of the paragraph and demand strict proof thereof.

**COUNT IV**
**FALSE ADVERTISING UNDER**
**UNDER LANHAM ACT § 43(a)**

146. Defendants reallege and incorporate herein by references the responses to allegations in paragraphs 1 - 117 of this Answer as if fully set forth herein, with the further reservation regarding the misnumbering of the Complaint.

147. Defendants deny the allegations of the paragraph and demand strict proof thereof.

148. Defendants deny the allegations of the paragraph and demand strict proof thereof.

149. Defendants deny the allegations of the paragraph and demand strict proof thereof.

150. Defendants deny the allegations of the paragraph and demand strict

The Concept Law Group, P.A.                    6400 N. Andrews Ave., Suite 500
Patents | Copyrights | Trademarks                    Fort Lauderdale, Florida 33309

P a g e  | 22

proof thereof.

151.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

152.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

153.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

154.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

155.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

156.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

157.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

## COUNT V
## DILUTION UNDER LANHAM ACT § 43(C)

158.   Defendants reallege and incorporate herein by references the responses to allegations in paragraphs 1 - 117 of this Answer as if fully set forth herein, with the further reservation regarding the misnumbering of the Complaint.

159. Defendants deny the allegations of the paragraph and demand strict proof thereof.

160. Defendants deny the allegations of the paragraph and demand strict proof thereof.

161. Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its entirety and demands strict proof thereof.

162. Defendants deny the allegations of the paragraph and demand strict proof thereof.

163. Defendants deny the allegations of the paragraph and demand strict proof thereof.

164. Defendants deny the allegations of the paragraph and demand strict proof thereof.

165. Defendants deny the allegations of the paragraph and demand strict proof thereof.

166. Defendants deny the allegations of the paragraph and demand strict proof thereof.

167. Defendants deny the allegations of the paragraph and demand strict proof thereof.

168. Defendants deny the allegations of the paragraph and demand strict

proof thereof.

169. Defendants deny the allegations of the paragraph and demand strict proof thereof.

170. Defendants deny the allegations of the paragraph and demand strict proof thereof.

171. Defendants deny the allegations of the paragraph and demand strict proof thereof.

## COUNT VI
## FLORIDA STATUTORY TRADEMARK INFRINGEMENT

172. Defendants reallege and incorporate herein by references the responses to allegations in paragraphs 1 - 117 of this Answer as if fully set forth herein, with the further reservation regarding the misnumbering of the Complaint.

173. Defendants deny the allegations of the paragraph and demand strict proof thereof.

174. Defendants deny the allegations of the paragraph and demand strict proof thereof.

175. Defendants deny the allegations of the paragraph and demand strict proof thereof.

176. Defendants deny the allegations of the paragraph and demand strict proof thereof.

**The Concept Law Group, P.A.**                    6400 N. Andrews Ave., Suite 500
Patents | Copyrights | Trademarks                    Fort Lauderdale, Florida 33309

P a g e | 25

177. Defendants deny the allegations of the paragraph and demand strict proof thereof.

178. Defendants deny the allegations of the paragraph and demand strict proof thereof.

179. Defendants deny the allegations of the paragraph and demand strict proof thereof.

180. Defendants deny the allegations of the paragraph and demand strict proof thereof.

181. Defendants deny the allegations of the paragraph and demand strict proof thereof.

182. Defendants deny the allegations of the paragraph and demand strict proof thereof.

## COUNT VII
## FLORIDA STATUTORY TRADEMARK INFRINGEMENT

183. Defendants reallege and incorporate herein by references the responses to allegations in paragraphs 1 - 117 of this Answer as if fully set forth herein, with the further reservation regarding the misnumbering of the Complaint.

184. Defendants deny the allegations of the paragraph and demand strict proof thereof.

185. Defendants deny the allegations of the paragraph and demand strict

**The Concept Law Group, P.A.**          6400 N. Andrews Ave., Suite 500
Patents | Copyrights | Trademarks          Fort Lauderdale, Florida 33309

P a g e | 26

proof thereof.

186. Defendants deny the allegations of the paragraph and demand strict proof thereof.

187. Defendants deny the allegations of the paragraph and demand strict proof thereof.

188. Defendants deny the allegations of the paragraph and demand strict proof thereof.

189. Defendants deny the allegations of the paragraph and demand strict proof thereof.

190. Defendants deny the allegations of the paragraph and demand strict proof thereof.

## COUNT VIII
## FLORIDA TRADEMARK AND SERVICE MARK DILUTION

191. Defendants reallege and incorporate herein by references the responses to allegations in paragraphs 1 - 117 of this Answer as if fully set forth herein, with the further reservation regarding the misnumbering of the Complaint.

192. Defendants deny the allegations of the paragraph and demand strict proof thereof.

193. Defendants are without sufficient personal knowledge to admit or deny all of the allegations contained within this paragraph and, as such, deny it in its

entirety and demands strict proof thereof.

194. Defendants deny the allegations of the paragraph and demand strict proof thereof.

195. Defendants deny the allegations of the paragraph and demand strict proof thereof.

196. Defendants deny the allegations of the paragraph and demand strict proof thereof.

197. Defendants deny the allegations of the paragraph and demand strict proof thereof.

198. Defendants deny the allegations of the paragraph and demand strict proof thereof.

199. Defendants deny the allegations of the paragraph and demand strict proof thereof.

200. Defendants deny the allegations of the paragraph and demand strict proof thereof.

201. Defendants deny the allegations of the paragraph and demand strict proof thereof.

202. Defendants deny the allegations of the paragraph and demand strict proof thereof.

203. Defendants deny the allegations of the paragraph and demand strict

proof thereof.

204.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

205.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

## COUNT IX
## VIOLIATION OF FLORIDA DECEPTIVE
## AND UNFAIR TRADE PRACTICES ACT

206.   Defendants reallege and incorporate herein by references the responses to allegations in paragraphs 1 - 117 of this Answer as if fully set forth herein, with the further reservation regarding the misnumbering of the Complaint.

207.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

208.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

209.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

210.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

211.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

**The Concept Law Group, P.A.**                    6400 N. Andrews Ave., Suite 500
Patents | Copyrights | Trademarks                    Fort Lauderdale, Florida 33309

P a g e | **29**

212. Defendants deny the allegations of the paragraph and demand strict proof thereof.

213. Defendants deny the allegations of the paragraph and demand strict proof thereof.

214. Defendants deny the allegations of the paragraph and demand strict proof thereof.

215. Defendants deny the allegations of the paragraph and demand strict proof thereof.

216. Defendants deny the allegations of the paragraph and demand strict proof thereof.

217. Defendants deny the allegations of the paragraph and demand strict proof thereof.

218. Defendants deny the allegations of the paragraph and demand strict proof thereof.

## COUNT X
## FLORIDA UNFAIR COMPETITION

219. Defendants reallege and incorporate herein by references the responses to allegations in paragraphs 1 - 117 of this Answer as if fully set forth herein, with the further reservation regarding the misnumbering of the Complaint.

220. Defendants deny the allegations of the paragraph and demand strict

proof thereof.

221.  Defendants deny the allegations of the paragraph and demand strict proof thereof.

222.  Defendants deny the allegations of the paragraph and demand strict proof thereof.

223.  Defendants deny the allegations of the paragraph and demand strict proof thereof.

224.  Defendants deny the allegations of the paragraph and demand strict proof thereof.

225.  Defendants deny the allegations of the paragraph and demand strict proof thereof.

226.  Defendants deny the allegations of the paragraph and demand strict proof thereof.

227.  Defendants deny the allegations of the paragraph and demand strict proof thereof.

228.  Defendants deny the allegations of the paragraph and demand strict proof thereof.

229.  Defendants deny the allegations of the paragraph and demand strict proof thereof.

# COUNT XI
## REMOVAL OF COPYRIGHT INFORMATION
### UNDER 17 U.S.C. § 1202(b)

230.   Defendants reallege and incorporate herein by references the responses to allegations in paragraphs 1 - 117 of this Answer as if fully set forth herein, with the further reservation regarding the misnumbering of the Complaint.

231.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

232.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

233.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

234.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

235.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

236.   Defendants deny the allegations of the paragraph and demand strict proof thereof.

## COUNT XII
## BREACH OF CONTRACT – USER AGREEMENT

237. Defendants reallege and incorporate herein by references the responses to allegations in paragraphs 1 - 117 of this Answer as if fully set forth herein, with the further reservation regarding the misnumbering of the Complaint.

238. Defendants deny the allegations of the paragraph and demand strict proof thereof.

239. Defendants deny the allegations of the paragraph and demand strict proof thereof.

240. Defendants deny the allegations of the paragraph and demand strict proof thereof.

241. Defendants deny the allegations of the paragraph and demand strict proof thereof.

242. Defendants deny the allegations of the paragraph and demand strict proof thereof.

## PRAYER FOR RELIEF

WHEREFORE, Defendants, That's Great News, LLC and Robert R. Roscoe, deny that Plaintiff, American City Business Journals, Inc., is entitled to any of the relief it requests in its "Prayer for Relief." Defendants further respectfully request that judgment be entered against American City Business Journals, Inc. in all of the

foregoing counts, and this Court award That's Great News, LLC and Robert R. Roscoe all costs and reasonably attorney's fees allowable by statute, rule or via this Court's inherent authority, including, but not limited to, 17 U.S. Code § 1203, 15 U.S.C. § 1117(a), Fla. Stat. 495.141 and for such other and further relief as it deems just and proper under the circumstances.

## GENERAL DENIAL

Defendants deny any unnumbered paragraphs, section headings, or prayers for relief, and anything not specifically and expressly admitted herein is denied, and strict proof is demanded thereof.

## AFFIRMATIVE DEFENSES

In support of the following defenses, Defendants incorporate all of their Answers listed above, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Defendants reserve all other defenses at law or in equity that may exist now or in the future based upon discovery and further factual investigation in this case.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action upon which relief may be granted inasmuch as its pleading is deficiently vague and lacking in detail and substance

explaining the basis of each of the claims set forth in the Complaint.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action upon which relief may be granted inasmuch as its pleading is deficient as it is drafted as an impermissible shotgun style pleading as it fails to separate each trademark into separate counts of alleged infringement and instead lumps a laundry list of trademarks into a group making any determination of alleged infringement or damage impossible to discern.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action upon which relief may be granted whereby the Defendants and the allegations are not distinguished between and among the Defendants, sufficient for the Defendants to identify the alleged claims as to each.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's allegations in Count IX and X are an unlawful restraint of trade.

## FIFTH AFFIRMATIVE DEFENSE

Accord and satisfaction, wherein, Plaintiff was paid a license fee, and Plaintiff accepted and continued to accept such license fee payments in connection with Defendant TGN's actions.

## SIXTH AFFIRMATIVE DEFENSE

The claims made in the Complaint are barred, in whole or in part, by the

doctrine of fair use, nominative fair use and/or descriptive use of the term identified in one or more of the alleged infringed trademarks in connection with the services being offered by Defendant TGN.

### SEVENTH AFFIRMTIVE DEFENSE

TGN through its purchase/acquisition of ITN in February 2019 has an express or implied license to utilize, advertise, offer for sale, and sell the products complained of in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Any alleged damages, which Defendants expressly deny, are offset by the prior paid license fees.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's federal and state trademark claims are barred in whole in in part by laches, as Plaintiff alleges to have known of such alleged violations since at least November 5, 2018 (Complaint paragraph 63) and is therefore more than four years under relevant Florida state law analogues, hence there was a delay in asserting a right or a claim, that the delay was not excusable, and that there was undue prejudice to Defendants.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of contract fail to state a claim as they rely on an alleged user agreement that post dates prior user agreements entered into between

The Concept Law Group, P.A.                    6400 N. Andrews Ave., Suite 500
Patents | Copyrights | Trademarks               Fort Lauderdale, Florida 33309

P a g e | **36**

the parties and fails to include any evidence or factual support that Defendants entered into or accepted such terms.

## ELEVENTH AFFIRMATIVE DEFENSE

Without admitting that the User Agreement is valid, to the extent that it is enforceable, and if Defendant(s) entered into such agreement, then such disputes require arbitration and this matter must be removed from the Federal Court.

## TWELFTH AFFRIMATIVE DEFENSE

Plaintiff fails to state a claim regarding alleged Copyright management Information violations, as Plaintiff does not provide any factual basis or claims supporting that either Defendant knew that the CMI had been wrongly removed or altered, and  knew or had reason to know that such removal or distribution will induce, enable, facilitate, or conceal an infringement. Instead, Plaintiff just recites the general standard and elements, but provides absolutely no factual support.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief or any other equitable relief at least because any alleged injury to Plaintiff is not irreparable and because, had Plaintiff been injured, it would have an adequate remedy at law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to preliminary injunctive relief at least because Plaintiff has failed to separately move for such, and has not presented any or the required

elements for such extraordinarily relief, including a failure to post an adequate bond.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to enhanced or increased damages for willful infringement because neither Defendant has not engaged in any conduct that meets the applicable standard for willful infringement.

### SIXTEENTH AFFIRMATIVE DEFENSE

The claims made in the Complaint are barred, in whole or in part, by the first sale doctrine, through at least the valid purchase and transformative use or resale of the alleged works.

### SEVENTEENTH AFFIRMATRIVE DEFENSE

The claims under the DMCA are barred for failure to bring such claims within the statute of limitations, namely 3 years.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

### NINETEENTH AFFIRMATIVE DEFENSE

The claims made in the Complaint are barred, in whole or in part, because the alleged marks are not famous.

### TWENTIETH AFFIRMATIVE DEFENSE

The claims made in the Complaint are barred, in whole or in part, on the basis

**The Concept Law Group, P.A.**                    6400 N. Andrews Ave., Suite 500
Patents | Copyrights | Trademarks                    Fort Lauderdale, Florida 33309

P a g e | **38**

that some or all marks at issue are generic or descriptive.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

The claims made in the Complaint are barred, in whole or in part, on the basis that some or all marks at issue lack secondary meaning.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

Each of the purported claims set forth in this Complaint is barred by the doctrine of Waiver wherein, Plaintiff was paid a license fee, and Plaintiff accepted and continued to accept such license fee payments in connection with Defendant TGN's actions.

**TWENTY THIRD AFFIRMATIVE DEFENSE**

Each of the purported claims set forth in this Complaint is barred by the doctrine of Acquiescence wherein, Plaintiff was paid a license fee, and Plaintiff accepted and continued to accept such license fee payments in connection with Defendant TGN's actions.

**TWENTY FOURTH AFFIRMATIVE DEFENSE**

Each of the purported claims set forth in this Complaint is barred by the doctrine of Estoppel wherein, Plaintiff was paid a license fee, and Plaintiff accepted and continued to accept such license fee payments in connection with Defendant TGN's actions.

**The Concept Law Group, P.A.**                6400 N. Andrews Ave., Suite 500
Patents | Copyrights | Trademarks              Fort Lauderdale, Florida 33309

P a g e | **39**

## DEMAND FOR JURY TRIAL

Defendants That's Great News, LLC and Robert R. Roscoe hereby respectfully demand a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues so triable.

**Dated: April 10, 2023.**

Respectfully submitted,

**THE CONCEPT LAW GROUP, P.A.**
*Attorneys for Defendant*
6400 North Andrews Avenue, Suite 500
Fort Lauderdale, Florida 33309
Telephone: 754-300-1500

By: */s/ Darren Spielman*
Darren Spielman (FBN: 10868)
E-mail: dspielman@conceptlaw.com
Alexander D. Brown (FBN: 752665)
E-mail: Abrown@conceptlaw.com

The Concept Law Group, P.A.                6400 N. Andrews Ave., Suite 500
Patents | Copyrights | Trademarks           Fort Lauderdale, Florida 33309

P a g e  | **40**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, on April 10, 2023, which will send a notice of electronic filing to all attorneys of record.

By: */s/ Darren Spielman*

## SERVICE LIST

Eric J. Partlow
Florida Bar No. 556531
Primary: eric.partlow@arlaw.com
Secondary: ann.jones@arlaw.com
**ADAMS AND REESE LLP**
100 North Tampa Street, Suite 4000
Tampa, FL 33602
(813) 402-2880 (Telephone)
(813) 402-2887 (Facsimile)

Maia T. Woodhouse
(*pro hac vice* admission forthcoming)
Primary: maia.woodhouse@arlaw.com
Secondary: caitlin.smith@arlaw.com
**ADAMS AND REESE LLP**
1600 West End Avenue, Suite 1400
Nashville, Tennessee 37203
(615) 259-1085 (Telephone)
*Attorneys for Plaintiff*